IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **JOHN BROOKS**, individually and on behalf of all others similarly situated | § § § § | |
| | § | **DOCKET NO. 3:12-cv-00142** |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| vs. | § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)** |
| **LEBEOUF BROS. TOWING, LLC.** | § § | |
| Defendant. | § | |

**LEBEOUF BROS. TOWING, L.L.C.'S ANSWER TO
PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, LeBeouf Bros. Towing, L.L.C. ("LeBeouf"), who hereby submits this Answer in response to the Plaintiff's Original Collective Action Complaint (the "Complaint").

**RESPONSE TO ALLEGATIONS**

As part of its Answer, LeBeouf responds to the particular allegations in the Complaint as follows:

I. LeBeouf denies the allegations contained in Paragraph 1 of the Complaint.

II. LeBeouf admits the subject matter jurisdiction exists in federal court to claims arising out of the Fair Labor Standards Act.

III. LeBeouf denies that venue is proper in this Court.

IV. LeBeouf admits that John Brooks was employed by LeBeouf. LeBeouf denies all remaining allegations contained in Paragraph 4 of the Complaint.

V. LeBeouf denies the allegations contained in Paragraph 5 of the Complaint.

VI. LeBeouf admits the allegations contained in Paragraph 6 of the Complaint.

VII. LeBeouf admits that it is a marine towing company in Houma, Louisiana, which provides vessel transportation services in Louisiana and the Gulf Coast and that it employs vessel-based tankermen. The remaining allegations contained in Paragraph 7 call for legal conclusions which require no answer; however, should answer be required, then the remaining allegations contained in Paragraph 7 of the Complaint are denied.

VIII. LeBeouf denies the allegations contained in Paragraph 8 of the Complaint.

IX. LeBeouf denies the allegations contained in Paragraph 9 of the Complaint.

X. LeBeouf denies the allegations contained in Paragraph 10 of the Complaint.

XI. LeBeouf denies the allegations contained in Paragraph 11 of the Complaint.

XII. LeBeouf denies the allegations contained in Paragraph 12 of the Complaint.

XIII. LeBeouf denies the allegations contained in Paragraph 13 of the Complaint.

## PRAYER

XIV. The final paragraph of the Complaint, Paragraph 14, is a prayer for relief. LeBeouf denies all allegations contained within the prayer for relief in the Complaint, including subparts a-f. LeBeouf further denies it is in violation of the FLSA.

## AFFIRMATIVE DEFENSES

**AND NOW,** in further answer to the Complaint, LeBeouf asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails, in whole or in part, to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the putative class' claims are untimely or barred by laches.

## THIRD AFFIRMATIVE DEFENSE

LeBeouf has made reasonable, good faith efforts to comply with and not violate the Fair Labor Standards Act, and had reasonable grounds for believing that any acts or omissions were not in violation of the FLSA.  Further, tankermen who work aboard a vessel were compensated according to industry practices and their primary duties are activities which aid in the operation of the vessel as a means of transportation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff was properly paid for all wages due and owing at the time of separation from employment with LeBeouf.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class were properly classified as seamen and were/are exempt from the overtime provisions of FLSA, because vessel tankermen primarily engage in duties and activities which aid in the operation of the vessel as a means for transportation.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not amenable to processing as a collective action as there is a lack of a common question of law or fact, and each individual plaintiff will require an individualized, in-depth analysis of hours worked and duties performed.  Further, Plaintiff's action is not amenable to processing as a collective action as Plaintiff has failed to adequately define a class and because the alleged amount of "non-seaman" work done by vessel tankermen varies from vessel to vessel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff must establish standing prior to certification as a collective action.

## EIGHTH AFFIRMATIVE DEFENSE

Although LeBeouf denies liability, it alternatively avers that Plaintiff is not entitled to recover liquidated damages because such purported acts or omission were committed in good faith and LeBeouf had reasonable grounds for believing such acts or omissions were not a violation of the FLSA, and that tankermen were properly exempted as seamen under the FLSA.

## NINTH AFFIRMATIVE DEFENSE

Although LeBeouf denies any liability, it alternately avers that its actions were not willful and made in good faith.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may be deemed entitled to recover any amount under the FLSA, LeBeouf's actions were not willful, and thus, the appropriate limitations period is two years.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks compensation for preliminary or postliminary activities, such activities are excluded from compensability under 29 U.S.C. §254.

## TWELTH AFFIRMATIVE DEFENSE

LeBeouf also avers that Plaintiff has failed to mitigate damages and such failure bars recovery of such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

LeBeouf also avers that the Plaintiff's claims are barred under the FLSA because Plaintiff is an exempt employee and/or a *Bona Fide* professional employee.

## FOURTEENTH AFFIRMATIVE DEFENSE

LeBeouf also avers that the Plaintiff is not entitled to recover any costs of this proceeding or attorneys' fees from LeBeouf.

## FIFTEENTH AFFIRMATIVE DEFENSE

LeBeouf reserves the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

**WHEREFORE,** PREMISES CONSIDERED, Defendant LeBeouf Bros. Towing, L.L.C. respectfully prays that this responsive pleading be deemed good and sufficient, and that upon final trial and hearing, Plaintiff take nothing and that LeBeouf recovers its costs, fees, and expenses, and for such other further relief to which it may show itself justly entitled, both in law and at equity.

Respectfully submitted,

Lugenbuhl, Wheaton, Peck, Rankin & Hubbard


By:   */s/ Lynne J. Shannon*
        Robert A. Shults
        TBA No. 18323500
        Federal ID #6098

815 Walker Street, Suite 1447
Houston, Texas 77002
Telephone:    (713) 222-1990
Facsimile:     (713) 222-1996
bshults@lawla.com

ATTORNEYS FOR DEFENDANT
LEBEOUF BROS. TOWING, L.L.C.

OF COUNSEL:

Lynne Jurek Shannon
TBA No.  11059250
Federal Bar No.  15489
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
815 Walker Street, Suite 1447
Houston, Texas  77002
Telephone:     (713) 222-1990
Facsimile:     (713) 222-1996
lshannon@lawla.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of June 2012, a copy of the foregoing has been served upon all counsel of record in this action by ECF filing and/or facsimile to:

| | |
|---|---|
| Michael A. Josephson | Richard J. (Rex) Burch |
| Andrew W. Dunlap | Bruckner Burch, P.L.L.C. |
| Fibich, Hampton, Leebron, | 8 Greenway Plaza, Suite 1500 |
| Briggs & Josephson, L.L.P. | Houston, TX  77046 |
| 1150 Bissonnet Street | |
| Houston, TX  77005 | |

　　　　　　　　　　　　　　　　　　　　　*/s/ Lynne J. Shannon*
　　　　　　　　　　　　　　　　　　　　　Lynne J. Shannon